KING, P.J.,
for the Court:
¶ 1. Melvin Hampton (Hampton) was convicted of armed robbery by the Circuit Court of Alcorn County and was sentenced to serve thirty years without parole, probation, sentence reduction or suspension as an habitual criminal in the custody of the Mississippi Department of Corrections. Aggrieved by his conviction, Hampton perfected this appeal. Hampton raised one assignment of error which is quoted verbatim from his brief: Whether the trial court erred in allowing out of court statements made by the victim, James Hastings, to be admitted into evidence as excited utterances. Finding no merit in appellant’s argument, we affirm his conviction.
FACTS
¶ 2. On January 23, 1998, the Grand Jury of Alcorn County returned a true bill indicting Hampton on charges of robbery and aggravated assault with a deadly weapon (a metal pipe). The trial of this matter began on August 10,1998.
¶ 3. At approximately 4:00 a.m. on June 27, 1997, Hastings, an employee with the City of Corinth, reported to work at the Street Department. He opened the gate of the Street Department to get his city issued vehicle. As he proceeded to the truck, he was attacked and severely beaten with a metal pipe about the head, neck and arms. The assailant then took Hastings wallet which contained $170.
¶ 4. After the assault, Hastings pulled himself into the truck and drove the short distance from the city barn to the city hall where the jail and police station were located. Upon arrival at the police station, Hastings informed the dispatcher, Edwina Taylor, that he had been beaten and robbed by “Jerry Latch’s boy.” Hastings had a big gash in his head and was covered in blood. Taylor called an ambulance and officer Tim Little to assist her. Hastings was taken by ambulance to Corinth Hospital and then transferred to Tupelo for further treatment.
ANALYSIS
Whether the trial court erred in allowing out of court statements made by the victim, James Hastings, to be admitted into evidence as excited utterances.
¶ 5. Hampton contends that the court erred in allowing Taylor and Little to testify about statements made by Has *1243 tings in reporting this assault and robbery. The court allowed this testimony as an excited utterance. Hampton asserts that the thirty minute time period between Hastings assault and statement negates the Mississippi Rule of Evidence 803(2) exception.
¶ 6. Hastings, the victim, testified prior to Taylor and Little and identified Hampton as the person who assaulted and robbed him. Subsequent to Hastings’s testimony, Taylor and Little testified that Hastings had come to the police station and reported that he had been beaten and robbed. They indicated that Hastings was covered with blood and appeared to be highly agitated.
¶ 7. Mississippi Rule of Evidence 803(2) excludes from hearsay “a statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition.” Clearly, Hastings’s report to the police department fell within this category of events. Notwithstanding, Hampton has asked this Court to declare that the passage of thirty minutes has taken it out of the excited utterance exception. This Court declines to so hold.
¶ 8. There is no specific time period after which this Court can hold that an utterance is no longer excited. Carter v. State, 722 So.2d 1258, 1261 (Miss.1998). Each case is different and must be determined on its specific facts. Id. What is important is that there had been no intervening matter to eliminate the state of excitement and call into question the reliability of the utterance. Smith v. State, 733 So.2d 793, 798 (Miss.1999). The record reveals no such intervening cause in this matter. This assignment of error is without merit.
¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF ALCORN COUNTY OF CONVICTION OF ARMED ROBBERY AND SENTENCE OF THIRTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AS A HABITUAL CRIMINAL IS AFFIRMED. COSTS OF APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, DIAZ, IRVING, LEE, MOORE, PAYNE, AND THOMAS, JJ., CONCUR.